The document below is hereby signed.

Signed: January 22, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KEVIN M. CALNAN, | ) | Case No. 12-00656 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE DENYING MOTION TO VACATE DISCHARGE

A creditor, Scott Norman, has filed a motion to have the court vacate the debtor's discharge. Norman contends that the entry of discharge was inappropriate in light of Fed. R. Bankr. P. 4004(c)(1)(D) because Norman's pending motion to transfer venue necessarily amounted to a motion to dismiss under 11 U.S.C. § 707.

A court may dismiss a case based on improper venue, or elect instead to transfer such a case if in the interest of justice or for the convenience of the parties. Fed. R. Bankr. P. 1014(a)(2). Norman's motion to transfer venue, however, stopped short of contending that the District of Columbia was an improper venue, and it did not seek a dismissal based on improper venue. Instead, it contended that, whether venue was proper or not, a

transfer to the District of New Mexico was appropriate because the location of the debtor's property, of his creditors, and of pending litigation against the debtor and relatives made the District of New Mexico a more appropriate venue.  Nothing in Norman's motion gave notice to the debtor that Norman was seeking a dismissal of the case based on improper venue.  Nor did Norman give notice of the motion to transfer venue to all creditors as would have been required by Fed. R. Bankr. P. 2002(a)(4) if the motion had been intended to be one seeking dismissal. Accordingly, no motion to dismiss under § 707 was pending, and the clerk did not err in entering a discharge.

An order follows denying the motion to vacate the debtor's discharge.

[Signed and dated above.]

Copies to: Recipients of e-notification.